1  **ALEXANDER KRAKOW + GLICK LLP**
   Marvin E. Krakow (SB No. 81228)
2  Michael S. Morrison (State Bar No. 205320)
   401 Wilshire Boulevard, Suite 1000
3  Santa Monica, California 90401
   T: 310 394 0888 | F: 310 394 0811
4  E: mkrakow@akgllp.com; mmorrison@akgllp.com

5  HURWITZ, ORIHUELA & HAYES, LLP
   Cory H. Hurwitz (Bar No. 222026)
6      chh@hohlawyers.com
   Douglas B. Hayes (Bar No. 232709)
7      dbh@hohlawyers.com
   10 Universal City Plaza, 20th Floor
8  Universal City, CA 91608
   Telephone: (818) 753-2381
9  Facsimile: (818) 753-2382

10 Attorneys for Plaintiff LYNN ODRICK individually,
   on behalf of all others similarly situated, and the general public

11

12

13                    **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15

16 LYNN ODRICK, an individual, on behalf        Case No.
   of all others similarly situated and the
17 general public,                              **CLASS AND COLLECTIVE ACTION**
                                                **COMPLAINT FOR DAMAGES AND**
18                                              **INJUNCTIVE RELIEF**

19         Plaintiff,                           1.   **FAILURE TO PAY REQUIRED**
                                                     **OVERTIME AND PRESERVE**
20         vs.                                        **ACCURATE TIME RECORDS**
                                                     **(FLSA 29 U.S.C. §§ 201 ET**
21                                                    **SEQ.)**

22 UNIONBANCAL CORPORATION, a                   2.   **FAILURE TO PAY**
   Corporation, UNION BANK, N.A., a                  **OVERTIME COMPENSATION**
23 corporation, and DOES 1-10,                       **(CAL. LABOR CODE § 1194)**

24         Defendants.                          3.   **WAITING TIME PENALTIES**
                                                     **(CAL. LABOR CODE § 203)**
25
                                                4.   **VIOLATION OF LABOR CODE**
26                                                   **SECTION 204**

27                                              5.   **FAILURE TO PROVIDE**
                                                     **ACCURATE ITEMIZED**
28                                                   **STATEMENTS (CAL.**
                                                     **LABOR CODE § 226)**

                                        1
   **CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

6.   **PRIVATE ATTORNEY GENERAL ACT**

7.   **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.)**

**DEMAND FOR JURY TRIAL**

Plaintiff LYNN ODRICK, ("PLAINTIFF"), an individual, and on behalf of herself, all others similarly situated, and the general public, complains and alleges on information and belief the following against UNIONBANCAL CORPORATION, UNION BANK, N.A., and DOES 1-10 (collectively "DEFENDANTS"):

**INTRODUCTION**

1.     This case arises out of DEFENDANTS' systemic, company-wide unlawful treatment of PLAINTIFF and hundreds of similarly situated employees that they wrongfully classified and/or continue to classify as being exempt from overtime compensation under the Fair Labor Standards Act ("FLSA") and equivalent wage and hour protections incorporated into California law.

2.     DEFENDANTS own and operate commercial banks and banking offices throughout the United States. PLAINTIFF and all other similarly situated employees are employed by DEFENDANTS in positions where their primary responsibility is to administer trust accounts on behalf of DEFENDANTS' clients. PLAINTIFF and all other similarly situated employees have little or no role in supervising other employees and have no authority to make employment-related decisions. In addition, PLAINTIFF and

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   all other similarly situated employees are controlled by company policy and by their

2   supervisors, do not exercise discretion or independent judgment as to matters of

3   significance, and their job duties are not directly related to the company's management

4   policies or general business operations.  Indeed, DEFENDANTS themselves

5   recognized that they misclassified numerous employees and reclassified their positions

6   from exempt to non-exempt in July of 2010.  However, DEFENDANTS did not

7   compensate said employees, including PLAINTIFF, for any overtime or other wages

8   previously earned and owed to them by law.

9       3.      PLAINTIFF sues on behalf of herself and other similarly situated

10  employees who worked for DEFENDANTS and who elect to opt into this action

11  pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., specifically, the collective action

12  provision of the FLSA, 29 U.S.C. § 216(b).  This action claims that DEFENDANTS have

13  violated the wage-and-hour provisions of the FLSA by depriving PLAINTIFF, as well as

14  others similarly situated to PLAINTIFF who are members of the NATIONAL CLASS

15  (defined below), of their lawful overtime wages.  The action seeks all unpaid

16  compensation, and equal amount of liquidated damages and/or prejudgment interest

17  attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

18      4.      PLAINTIFF also brings this action under California overtime statutes and

19  regulations and California's unfair competition laws.  More specifically, PLAINTIFF

20  asserts that she and the class members are entitled to unpaid wages, including unpaid

21  overtime wages, and all applicable statutory damages and penalties, including penalties

22  recoverable pursuant to the Private Attorney General Act ("PAGA"). PLAINTIFF seeks

23  certification under Rule 23 of the federal Rules of Civil Procedure as to the STATE

24  CLASS (defined below).

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

26      5.      This Court has jurisdiction over the claims asserted in this action pursuant

27  to 28 U.S.C. § 1331 because the action arises under a federal statute, 29 U.S.C. §

28

3

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   216(b).  The Court has supplemental jurisdiction over the state labor law and unfair

2   competition claims pursuant to 28 U.S.C. § 1367.  This Court is empowered to issue a

3   declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201 and 2202

4        6.   Defendants UNIONBANCAL CORPORATION and UNION BANK, N.A.

5   are subject to personal jurisdiction as corporations conducting substantial and

6   continuous commercial activities in California.  This case arises from DEFENDANTS'

7   wrongful conduct in California, where DEFENDANTS employed PLAINTIFF and

8   members of the proposed STATE CLASS (defined below).

9        7.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

10   A substantial part of the events and omissions giving rise to PLAINTIFF's claims

11   occurred in this district.  Additionally, DEFENDANTS are deemed to reside in this

12   district under 1391(c) because they are subject to personal jurisdiction in the district,

13   and maintain their corporate headquarters in San Francisco, California (which is also

14   the principal place of business).

15        8.   Intradistrict assignment: Assignment to the San Francisco Division is

16   appropriate because DEFENDANTS' principal place of business is in San Francisco

17   and a substantial part of the events which give rise to the claims occurred in San

18   Francisco County.

19                    **PARTIES**

20        9.   PLAINTIFF LYNN ODRICK resides in Long Beach, California.  PLAINTIFF

21   has worked for DEFENDANTS since December 2004 as a Trust Administrator, Sr.

22   Trust Administrator, Senior Relationship Manager I - IS and Relationship Manager III.

23        10.   Defendant UNIONBANCAL CORPORATION is a Delaware Corporation

24   with its principal place of business in San Francisco, California.  UNIONBANCAL

25   CORPORATION is a financial holding company with assets of $84 billion.

26        11.   Defendant UNION BANK, N.A. is subsidiary of UNIONBANCAL

27   CORPORATION, with its principal place of business in San Francisco, California.

28

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   UNION BANK, N.A. is a full-service commercial bank providing an array of financial

2   services to individuals, small businesses, middle-market companies and major

3   corporations.  UNION BANK, N.A. operates 396 banking offices in California, Oregon,

4   Washington and Texas in addition to two international offices.

5         12.    DEFENDANTS are employers of PLAINTIFF and members of the class

6   under applicable federal law and regulations, including 29 U.S.C. section 203.  In

7   addition, Section 2 of the applicable California Industrial Wage Commission ("IWC")

8   Order defines an "employer" as any "person as defined in Section 18 of the Labor

9   Code, who directly or indirectly, or through an agent or any other person, employs or

10  exercises control over the wages, hours or working conditions of any person."

11  PLAINTIFF is informed and believes and, based thereon, alleges that DEFENDANTS,

12  directly or indirectly, or acting through the agency of each other, employ or exercise

13  control over the wages, hours or working conditions of PLAINTIFF and the members of

14  the class defined below.  Furthermore, on information and belief, a centralized payroll

15  and accounting system is used to pay the wages of PLAINTIFF and the rest of the

16  members of the class at all of DEFENDANTS' locations.  Specifically, DEFENDANTS

17  pay the wages and other benefits of all class members and direct and control, with the

18  assistance of or through the agency of the other named Defendants, the terms and

19  conditions of all class members' employment.  Accordingly, DEFENDANTS are deemed

20  joint employers of PLAINTIFF and the rest of the class.

21        13.    The true names and capacities of defendants named in the complaint as

22  DOES 1-10, inclusive, whether individual, corporate, associate, or otherwise, are

23  unknown to PLAINTIFF, who therefore sues such defendants by such fictitious names.

24  PLAINTIFF will amend this Complaint to show true names and capacities when they

25  have been determined.

26        14.    At all times mentioned, DEFENDANTS, and each of them, were the

27  agents, representatives, employees, successors, assigns, parents, subsidiaries and/or

28
                                         5

1  affiliates, each of the other, and at all times pertinent hereto were acting within the

2  course and scope of their authority as such agents, representatives, employees,

3  successors, assigns, parents, subsidiaries and/or affiliates.   PLAINTIFF also alleges

4  that DEFENDANTS were, at all times relevant hereto, the alter egos of each other.

5  Wherever reference is made to DEFENDANTS, it is intended to include all of the

6  named DEFENDANTS as well as the DOE Defendants.  Each of the fictitiously named

7  DOE Defendants is responsible in manner for the occurrences alleged and proximately

8  caused PLAINTIFF's damages and the damages of the NATIONAL CLASS and STATE

9  CLASS.

10  ## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

11       15.     DEFENDANTS misclassify and/or continue to misclassify non-exempt

12  employees such as PLAINTIFF whose primary responsibility is to administer trust

13  accounts on behalf of DEFENDANTS' clients as salaried exempt.

14       16.     DEFENDANTS misclassification of PLAINTIFF and other similarly situated

15  employees is and was intentional.

16       17.     PLAINTIFF brings a national FLSA claim on behalf of the following

17  category of similarly situated individuals who worked for DEFENDANTS at any time

18  from three years prior to the filing fo the complaint to entry of judgment in this case

19  ("NATIONAL CLASS"):

20       **All misclassified employees of DEFENDANTS who performed similar job**

21  **duties as the PLAINTIFF and held at least one of the following job titles, including**

22  **but not limited to: Business Trust Administrator I, Trust Administrator II, Sr.**

23  **Business Trust Administrator, Sr. Trust Administrator Inst., Sr. Trust**

24  **Administrator – Taft Hartley, Personal Trust Associate III, Personal Trust**

25  **Administrator II, Personal Trust Administrator III, Personal Trust Administrator IV,**

26  **Relationship Manager I – IS, Relationship Manager II – IS, Relationship Manager**

27  **III – IS; and Senior Relationship Manger I – IS, from December 2007 and**

28

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1 | thereafter.

2 | 18.  DEFENDANTS are liable under the FLSA for failing to properly

3 | compensate PLAINTIFF, and therefore, notice should be sent to the members of the

4 | NATIONAL CLASS. There are hundreds of individuals who comprise the NATIONAL

5 | CLASS and who have been misclassified in violation of the FLSA.  These individuals

6 | would benefit from issuance of a court supervised Notice of the present lawsuit and the

7 | opportunity to join in the present lawsuit.  Members of the NATIONAL CLASS are

8 | known to DEFENDANTS, are readily ascertainable and can be located through

9 | DEFENDANTS' records.

10 | ### CLASS ACTION ALLEGATIONS

11 | 19.  PLAINTIFF brings this action on behalf of herself and all others similarly

12 | situated as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3), on

13 | behalf of the following class (referred to as the "STATE CLASS").  The STATE CLASS

14 | is composed of and defined as follows:

15 | **All California based misclassified employees of DEFENDANTS who**

16 | **performed similar job duties as the PLAINTIFF and held at least one of the**

17 | **following job titles, including, but not limited to: Business Trust Administrator I,**

18 | **Trust Administrator II, Sr. Business Trust Administrator, Sr. Trust Administrator**

19 | **Inst., Sr. Trust Administrator – Taft Hartley, Personal Trust Associate III, Personal**

20 | **Trust Administrator II, Personal Trust Administrator III, Personal Trust**

21 | **Administrator IV, Relationship Manager I – IS, Relationship Manager II – IS,**

22 | **Relationship Manager III – IS; and Senior Relationship Manger I – IS, from**

23 | **December 2006 and thereafter.**

24 | 20.  The members of the class are so numerous that joinder of all members

25 | would be unfeasible and not practicable.  The membership of the entire class is

26 | unknown to PLAINTIFF at this time; however, it is estimated that the entire class is

27 | greater than 100 individuals, but the identity of such membership is readily

28 |

7

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  ascertainable via inspection of the personnel records and other documents maintained

2  by DEFENDANTS.

3      21.    There are common questions of law and fact as to the class which

4  predominate over questions affecting only individual members, including, without

5  limitation:

6          A.    Whether DEFENDANTS denied PLAINTIFF and the STATE

7  CLASS all of the wages, including overtime wages, to which they were entitled pursuant

8  to the California Labor Code, the California Industrial Welfare Commission's ("IWC")

9  Wage Orders, and all other applicable Employment Laws and Regulations.

10         B.    Whether DEFENDANTS failed to provide PLAINTIFF and

11  members of the STATE  CLASS with accurate itemized statements;

12         C.    Whether DEFENDANTS owe PLAINTIFF and the STATE CLASS

13  waiting time penalties pursuant to California Labor Code § 203;

14         D.    Whether DEFENDANTS violated California Labor Code § 204 by

15  failing to pay all wages earned in a timely manner;

16         E.    Whether DEFENDANTS engaged in unfair business practices

17  under § 17200 of the California Business and Professions Code;

18         F.    The effect upon and the extent of damages suffered by PLAINTIFF

19  and the STATE CLASS and the appropriate amount of compensation.

20      22.    The claims of PLAINTIFF pled as class action claims are typical of the

21  claims of all members of the class as they arise out of the same course of conduct and

22  are predicated on the same violation(s) of the law.  PLAINTIFF, as a representative

23  party, will fairly and adequately protect the interests of the class by vigorously pursuing

24  this suit through their attorneys who are skilled and experienced in handling matters of

25  this type.

26      23.    The nature of this action and the nature of the laws available to the

27  STATE CLASS make use of the class action format a particularly efficient and

28

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  appropriate procedure to afford relief to the STATE CLASS.  Further, this case involves

2  a corporate employer and a large number of individual employees possessing claims

3  with common issues of law and fact.  If each employee were required to file an

4  individual lawsuit, the corporate defendants would necessarily gain an unconscionable

5  advantage since it would be able to exploit and overwhelm the limited resources of

6  each individual plaintiff with its vastly superior financial and legal resources.  Requiring

7  each class member to pursue an individual remedy would also discourage the assertion

8  of lawful claims by employees who would be disinclined to pursue an action against

9  their present and/or former employer for an appreciable and justifiable fear of retaliation

10  and permanent damage to their careers at present and/or subsequent employment.

11  Proof of a common business practice or factual pattern, of which the named PLAINTIFF

12  experienced, is representative of the class and will establish the right of each of the

13  members of the class to recovery on the claims alleged.

14      24.      The prosecution of separate actions by the individual class members,

15  even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts

16  or adjudications with respect to the individual class members against the defendants;

17  and/or (b) legal determinations with respect to individual class members which would,

18  as a practical matter, be dispositive of the other class members' claims who are not

19  parties to the adjudications and/or would substantially impair or impede the ability of

20  class members to protect their interests.  Further, the claims of the individual members

21  of the class are not sufficiently large to warrant vigorous individual prosecution

22  considering all of the concomitant costs and expenses attending thereto.  PLAINTIFFS

23  are unaware of any difficulties that are likely to be encountered in the management of

24  this action that would preclude its maintenance as a class action.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      PLAINTIFF LYNN ODRICK**

25      25.      PLAINTIFF LYNN ODRICK was hired by DEFENDANTS in December

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1 | 2004 as a Trust Administrator working out of San Francisco, California.  In December
2 | 2007, PLAINTIFF was transferred to the Labor Management and Trust Services
3 | department of DEFENDANTS in Los Angeles, California.  Her main job duties were to
4 | administer trusts and retirement plan services on behalf of labor unions.  While serving
5 | as Trust Administrator in San Francisco and Los Angeles, PLAINTIFF did not perform
6 | work directly related to the management or general business operations of
7 | DEFENDANTS.  Instead, PLAINTIFF worked with DEFENDANTS' clients, administering
8 | a service (trusts) that DEFENDANTS offer their clients.  PLAINTIFF also did not
9 | regularly exercise discretion and independent judgment as to matters of significance.
10 | Instead, most of her duties were defined by the trust document.  Moreover, any
11 | significant decisions relating to administering the trust were made by others in her
12 | department.  PLAINTIFF clearly performed non-exempt duties more than 51% of the
13 | time.  However, PLAINTIFF was classified as being salaried exempt.

14 |        26.     In August of 2007, PLAINTIFF became a Senior Trust Administrator.  Her
15 | job duties and responsibilities did not change in any material way.

16 |        27.     In May of 2010, PLAINTIFF was transferred from Los Angeles to Irvine,
17 | California and began work in DEFENDANTS' Traditional Trust and Administration
18 | Department.  Here, instead of administering trusts on behalf of labor unions, the clients
19 | she serviced were businesses and corporations.  PLAINTIFF's job title was changed to
20 | Senior Relationship Manager I.  Although her job title and clientele changed, her basic
21 | job duties did not.  PLAINTIFF still performed work which clearly qualifies as non-
22 | exempt the majority of the time.

23 |        28.     In August of 2010, PLAINTIFF's job title changed to Relationship Manager
24 | III and her status was changed from salaried exempt to non-exempt.  Despite
25 | DEFENDANTS' change in how they chose to classify her, PLAINTIFF's job duties did
26 | not change whatsoever.

27 | ///

28 |

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

**B.**   <u>NATIONAL CLASS AND STATE CLASS</u>

29.   Members of the NATIONAL CLASS and STATE CLASS are employees of DEFENDANTS responsible for administering trusts and related services for DEFENDANTS' clients, whether they be corporations, labor unions, individuals or otherwise.  Members of the NATIONAL CLASS and STATE CLASS perform the same basic job duties as PLAINTIFF and like PLAINTIFF have been and/or still are classified as salary exempt by DEFENDANTS from federal and state overtime laws.

30.   Members of the NATIONAL CLASS and STATE CLASS have little, if any, supervisory responsibility over other employees and have no direct reports.

31.   Members of the NATIONAL CLASS and STATE CLASS do not perform work directly related to the management or general business operations of DEFENDANTS.  Instead, members of the NATIONAL CLASS and STATE CLASS work with DEFENDANTS' clients, administering a service (trusts) that DEFENDANTS offer their clients.

32.   Members of the NATIONAL CLASS and STATE CLASS do not regularly exercise discretion and independent judgment as to matters of significance.  Instead, members of the NATIONAL CLASS and STATE CLASS perform routine, standardized duties.  Many of their duties are governed by the trust document they administer and members of the NATIONAL CLASS and STATE CLASS do not have the authority to deviate from the trust document.  Other duties are clearly defined by company policy and by their superiors.  In particular, DEFENDANTS establish the duties and responsibilities of the members of the NATIONAL CLASS and the STATE CLASS with specific instructions which are identical or substantially similar for all members of the classes.  Moreover, major decisions relating to the administration of the trust are made by other individuals.  Overall, members of the NATIONAL CLASS and STATE CLASS do not have an opportunity for independent choice free from immediate supervision.

33.   More specifically, members of the NATIONAL CLASS and STATE CLASS

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

do not:

    (a)    formulate, affect, interpret or implement management policies or operating practices;

    (b)    carry out major assignments in conducting the operations of the business;

    (c)    perform work that affects business operations to a substantial degree;

    (d)    have the authority to commit the employer in matters that have financial impact;

    (e)    have the authority to waive or deviate from established policies and procedures without prior approval;

    (f)    have the authority to negotiate or bind the company on significant matters;

    (g)    provide consultation or expert advice to management;

    (h)    participate in long-term planning business objectives;

    (i)    investigate and resolve matters of significance on behalf of management; and

    (j)    represent the company in handling complaints, arbitrating disputes or resolving grievances.

34.    Members of the NATIONAL CLASS and STATE CLASS perform non-exempt duties a majority of the time during their employment.

## FIRST CAUSE OF ACTION

FAILURE TO PAY OVERTIME AND PRESERVE ACCURATE TIME RECORDS

(FLSA, 29 U.S.C. SECTIONS 207 and 211(c))

By PLAINTIFF in her individual capacity and in her capacity as representative of all similarly situated members of the NATIONAL CLASS against DEFENDANTS.

35.    PLAINTIFF realleges and incorporates, by reference, as though fully set

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   forth, the allegations contained in paragraphs 1 to 34.

2       36.   At all relevant times, DEFENDANTS have been and continue to be

3   "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29

4   U.S.C. section 203.  At all relevant times, DEFENDANTS have employed and continue

5   to employ members of the NATIONAL CLASS within the meaning of the FLSA.  At all

6   relevant times, DEFENDANTS have had gross revenues far in excess of $500,000.

7       37.   Because DEFENDANTS wilfully violated the FLSA by misclassifying

8   PLAINTIFF and members of the NATIONAL CLASS as exempt employees, a three-

9   year statute of limitations applies to such violations, pursuant to 29 U.S.C. section 255.

10       38.   DEFENDANTS have wilfully and intentionally engaged in a widespread

11   pattern and practice of violating the provisions of the FLSA, as detailed in the

12   complaint, by misclassifying PLAINTIFF and members of the NATIONAL CLASS as

13   "exempt" employees, and thereby failing and refusing to pay them proper hourly wage

14   compensation in accordance with sections 206 and 207 of the FLSA.

15       39.   PLAINTIFF and members of the NATIONAL CLASS are not employed in

16   a "bona fide executive, administrative, or professional capacity" pursuant to 29 U.S.C.

17   section 213(a)(1) and corresponding regulations.  PLAINTIFF and members of the

18   NATIONAL CLASS are not subject to any other exemption set forth in the FLSA or

19   administrative regulations.

20       40.   As a result of DEFENDANTS' violations of the FLSA, PLAINTIFF and

21   members of the NATIONAL CLASS have suffered damages by being denied overtime

22   wages in accordance with sections 206 and 207 of the FLSA.

23       41.   DEFENDANTS have not made a good faith effort to comply with the FLSA

24   with respect to compensation to PLAINTIFF and members of the NATIONAL CLASS.

25       42.   At all relevant times, DEFENDANTS wilfully, regularly, and repeatedly

26   failed and/or continue to fail to make, keep and preserve accurate time records required

27   by the FLSA, 29 U.S.C. section 211(c), with respect to PLAINTIFF and members of the

28

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   NATIONAL CLASS.  Through this course of conduct, DEFENDANTS have deprived

2   PLAINTIFF and members of the NATIONAL CLASS of the records necessary to

3   calculate with precision the overtime compensation due to them.

4       43.     As a result of DEFENDANTS' unlawful acts, PLAINTIFF and members of

5   the NATIONAL CLASS have been deprived of overtime compensation in amounts to be

6   determined at trial, and are accordingly entitled to recovery of such amounts, liquidated

7   (double) damages, prejudgment interest, attorneys' fees, costs and other compensation

8   pursuant to 29 U.S.C. section 216 (b) as well as any other legal and equitable relief the

9   Court deems just and proper.

10                          **SECOND CAUSE OF ACTION**

11                  FAILURE TO PAY OVERTIME COMPENSATION

12                  (CALIFORNIA LABOR CODE SECTION 1194)

13   By PLAINTIFF in her individual capacity and in her capacity as representative of all

14           similarly situated members of the STATE CLASS against DEFENDANTS.

15       44.     PLAINTIFF realleges and incorporates, by reference, as though fully set

16   forth, the allegations contained in paragraphs 1 to 43.

17       45.     DEFENDANTS routinely required PLAINTIFF and members of the

18   STATE CLASS to work more than eight (8) hours per day, twelve (12) hours per day,

19   and/or forty (40) hours per week.

20       46.     DEFENDANTS failed to fully compensate PLAINTIFF and members of

21   the STATE CLASS for all wages earned, including overtime wages.

22       47.     PLAINTIFF is informed and believes, and thereon alleges that the failure

23   of DEFENDANTS to fully compensate PLAINTIFF and the STATE CLASS for all wages

24   earned and overtime work was willful, purposeful, and unlawful and done in accordance

25   with the policies and practices of DEFENDANTS' operations.

26       48.     As a proximate cause of the aforementioned violations, PLAINTIFF and

27   the STATE CLASS have been damaged in an amount according to proof at time of trial,

28
                                        14

1   but in an amount in excess of the jurisdiction of this Court.  PLAINTIFF and the STATE

2   CLASS are entitled to recover the unpaid balance of wages owed, penalties, including

3   penalties available pursuant to California Labor Code Section 558, plus interest,

4   reasonable attorney fees and costs of suit according to the mandate of California Labor

5   Code, § 1194, et. seq.

6                               **THIRD CAUSE OF ACTION**

7                               WAITING TIME PENALTIES

8                           (CALIFORNIA LABOR CODE § 203)

9       By PLAINTIFF in her individual capacity and in her capacity as representative of all

10              similarly situated members of the STATE CLASS against DEFENDANTS.

11          49.    PLAINTIFF realleges and incorporates, by reference, as though fully set

12   forth, the allegations contained in paragraphs 1 to 48.

13          50.    Pursuant to California Labor Code § 201, if an employer discharges an

14   employee, the wages earned and unpaid at the time of the discharge are due and

15   payable immediately.  Pursuant to California Labor Code § 202, if an employee quits

16   his or her employment, the wages earned and unpaid at the time of the discharge are

17   due and payable within seventy-two (72) hours of the resignation.

18          51.    Members of the STATE CLASS were either terminated by DEFENDANTS

19   or have resigned from their employment with DEFENDANTS.  To this day, members of

20   the STATE CLASS have not received the wages and other compensation they rightfully

21   earned.

22          52.    DEFENDANTS, and each of them, willfully refused and continue to refuse

23   to pay members of the STATE CLASS all wages earned, including overtime

24   compensation, in a timely manner, as required by California Labor Code § 203.

25   PLAINTIFF therefore requests restitution and penalties as provided by California Labor

26   Code § 203.

27   ///

28
                                          15
        **CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1 **FOURTH CAUSE OF ACTION**

2 VIOLATION OF LABOR CODE SECTION 204

3 By PLAINTIFF in her individual capacity and in her capacity as representative of all

4 similarly situated members of the STATE CLASS against DEFENDANTS.

5 53. PLAINTIFF realleges and incorporates, by reference, as though fully set

6 forth, the allegations contained in paragraphs 1 to 52.

7 54. During the Class period, Labor Code § 204 applied to DEFENDANTS'

8 employment of PLAINTIFF and the STATE CLASS. At all times relevant hereto, Labor

9 Code section 204 provided that all wages earned by any employee, such as PLAINTIFF

10 and members of the STATE CLASS, in any employment between the 1st and 15th days,

11 inclusive, of any calendar month, other than those wages due upon termination of an

12 employee, are due and payable between the 16th and 26th day of the month during

13 which the work was performed. Furthermore, at all times relevant hereto, Labor Code

14 section 204 provided that all wages earned by any employee, such as PLAINTIFF and

15 members of the STATE CLASS, in any employment between the 16th and the last day,

16 inclusive, of any calendar month, other than those wages due upon termination of an

17 employee, are due and payable between the 1st and 10th day of the following month.

18 55. During the class period, DEFENDANTS failed to pay PLAINTIFF and

19 members of the STATE CLASS wages for all hours worked.

20 56. During the class period, DEFENDANTS failed to pay PLAINTIFF and

21 members of the STATE CLASS for all wages earned, and, therefore violated Labor

22 Code section 204. Accordingly, PLAINTIFF and members of the STATE CLASS are

23 entitled to recover all damages, penalties and other remedies available for violation of

24 Labor Code section 204.

25 ///

26 ///

27 ///

28

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

**FIFTH CAUSE OF ACTION**

FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

(CALIFORNIA LABOR CODE § 226)

By PLAINTIFF in her individual capacity and in her capacity as representative of all

similarly situated members of the STATE CLASS against DEFENDANTS.

57.     PLAINTIFF realleges and incorporates, by reference, as though fully set

forth, the allegations contained in paragraphs 1 to 56.

58.     DEFENDANTS fail(ed) to provide PLAINTIFF and members of the STATE

CLASS with accurate itemized statements as required by Cal. Labor Code § 226.

59.     PLAINTIFF is informed and believes and thereon alleges that

DEFENDANTS knowingly and intentionally falsified the aforementioned payroll records.

As a result, PLAINTIFF and members of the STATE CLASS are entitled to recover the

greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

violation occurs and one hundred dollars ($100) per employee for each violation in a

subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

($4,000), and are entitled to an award of costs and reasonable attorney fees.

**SIXTH CAUSE OF ACTION**

PRIVATE ATTORNEY GENERAL ACT

(VIOLATION OF LABOR CODE  §§ 201-203, 204, 210, 216, 225.5, 226.3, 450, 558,

1194, 1194.2 and 1197)

By PLAINTIFF in her individual capacity and in her capacity as representative of all

similarly situated members of the STATE CLASS against DEFENDANTS.

60.     PLAINTIFF hereby realleges and incorporates by reference the

allegations contained in the paragraphs 1 through 59 above, as if fully set forth.

61.     PLAINTIFF, individually and on behalf of both the STATE CLASS and the

general public allege that on or about October 14, 2010, they provided written notice to

the Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1  specific violations of the California Labor Code DEFENDANTS have violated and

2  continue to violate.

3      62.    Pursuant to Labor Code section 2699.3 (a)(2)(A), no response has been

4  received from the LWDA within 33 days of the postmark date of the October 14, 2010

5  letter.

6      63.    As a result, PLAINTIFF has exhausted all administrative procedures

7  required of them under Labor Code §§ 2698, 2699 and 2699.3, and, as a result, are

8  justified as a matter of right in bringing forward this cause of action.

9      64.    As a result of the acts alleged above, PLAINTIFF seeks penalties under

10  Labor Code §§ 2698 and 2699 because of DEFENDANTS' violations of numerous

11  provisions of the California Labor Code.

12      65.    Pursuant to California Labor Code § 2699, PLAINTIFFS should be

13  awarded twenty-five percent (25%) of all penalties due under California law, including

14  attorneys' fees and costs.

15                    **SEVENTH CAUSE OF ACTION**

16                    UNFAIR BUSINESS PRACTICES

17  (CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)

18   By PLAINTIFF in her individual capacity and in her capacity as representative of all

19          similarly situated members of the STATE CLASS against DEFENDANTS.

20      66.    PLAINTIFF realleges and incorporates, by reference, as though fully set

21  forth, the allegations contained in paragraphs 1 to 65.

22      67.    DEFENDANTS' violations of the Employment Laws and Regulations, as

23  alleged in the complaint, include, among other things, DEFENDANTS': failure and

24  refusal to pay all wages, including overtime wages, earned by PLAINTIFF and the

25  STATE CLASS pursuant to the illegal pay practices described above.  The

26  aforementioned violations constitute unfair business practices in violation of the Unfair

27  Competition Law, California Business & Professions Code Section 17200, et seq.

28  _____

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

68.     As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF, the STATE CLASS and members of the public.  DEFENDANTS should be compelled to restore such monies to PLAINTIFF and the STATE CLASS.

69.     In the absence of injunctive and equitable relief, PLAINTIFF and the STATE CLASS will suffer irreparable injury, which cannot readily be remedied by damage remedies.  PLAINTIFF and the STATE CLASS require and are entitled to preliminary and permanent injunctive relief against DEFENDANTS, including but not limited to, orders that the DEFENDANTS account for and restore to PLAINTIFF and the STATE CLASS the compensation unlawfully withheld from them.

## **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays judgment as follows:

1.     That the Court determine that Cause of Action 1 be maintained as a collective action;

2      That the Court determine that Causes of Action 2-5 and 7 may be maintained as a class action and for Cause of Action 6 to be maintained as a representative action;

2.     For injunctive relief to stop DEFENDANTS' illegal practices described above, including, but not limited to, the payment of wages, including overtime wages, inaccurate itemized statements, etc.;

3.     For general and compensatory damages, according to proof;

4.     For restitution of all monies due to PLAINTIFF and the STATE CLASS from the unlawful business practices;

5.     For waiting time penalties pursuant to California Labor Code §§ 203;

6.     For penalties pursuant to California Labor Code §§ 226, 558 and all other applicable Labor Code and/or Employment Laws and Regulations;

7.     For interest accrued to date;

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

8.   For costs of the suit incurred;

9.   For attorney fees and costs pursuant to FLSA 29 U.S.C. section 216(b), California Labor Code §§'s 218.5, 226, 1021.5, 1194 and all other applicable law; and

10.   For such other and further relief that the Court may deem just and proper.

DATED: December 7th, 2010          ALEXANDER KRAKOW + GLICK LLP

                                   By: _____
                                       Michael Morrison
                                       Attorneys for Plaintiffs
                                       LYNN ODRICK
                                       individually and on behalf of all others
                                       similarly situated

20

**CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2       PLAINTIFF and members of the NATIONAL CLASS and STATE CLASS further

3 request a trial by jury on all issues so triable.

4

5 DATED: December 7th, 2010        ALEXANDER KRAKOW + GLICK LLP

6

7                         By:

8                              Michael Morrison
                             Attorneys for Plaintiff
                             LYNN ODRICK

9                              individually and on behalf of all others
                             similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS AND COLLECTIVE ACTION COMPLAINT; DEMAND FOR JURY TRIAL

**EXHIBIT 1**

# CONSENT TO JOIN FORM

I hereby consent to join the lawsuit known as *Odrick v. UnionBanCal Corporation, Union Bank, N.A.* (N.D. Cal.), to assert claims against the DEFENDANTS for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

I hereby designate ALEXANDER KRAKOW + GLICK LLP and HURWITZ, ORIHUELA & HAYES, LLP, to represent me in the suit.

_____
(Signature)

Lynn Odrick
(Print Name)

12/08/2010
(Date)