UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LYNN ODRICK, an individual, on behalf of all others similarly situated and the general public,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNIONBANCAL CORPORATION, a Corporation, UNION BANK, N.A., a corporation, and DOES 1-10<br><br>　　　　Defendants. | Case No:  C 10-5565 SBA<br><br>**PRELIMINARY APPROVAL ORDER** |

　　　WHEREAS, Plaintiff Lynn Odrick, individually and in her representative capacity ("Plaintiff"), and Defendants UnionBancal Corporation and Union Bank, N.A. (collectively "Defendants") have reached a proposed settlement of the above-captioned action (the "Settlement");

　　　WHEREAS, Plaintiff has moved the Court for preliminary approval of the proposed Settlement on the terms and conditions set forth in the Settlement Agreement and Joint Stipulation ("Settlement Agreement"), and for conditional certification of two classes;

　　　AND NOW, the Court having reviewed and considered the Settlement Agreement, the Unopposed Motion for Preliminary Approval of Class Action Settlement and Provisional Certification of the Class, the supporting Points and Authorities, the Declarations of Michael

Morrison, Douglas Hayes, and Lynn Odrick, the Notice of Pendency of Class Action Settlement ("Class Notice"), the Exclusion Form, the Fair Labor Standards Act ("FLSA") Consent Form, and the Proposed Order Granting Preliminary Approval, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. This Order incorporates the terms of the Settlement Agreement and all capitalized terms used herein shall have the meanings defined in the Settlement Agreement.

2. The Court appoints Plaintiff as the Class Representative.

3. For purposes of settlement only, the Court certifies the following Settlement Classes:

> National Class
> All non-California based employees of Union Bank, N.A., who held at least one of the following job titles, including but not limited to: : Business Trust Administrator I, Trust Administrator II, Sr. Business Trust Administrator, Sr. Trust Administrator Inst., Sr. Trust Administrator-Taft Hartley, Personal Trust Administrator II, Personal Trust Administrator IV, Relationship Manager I- IS, Relationship Manager II- IS, Relationship Manager III- IS; and Senior Relationship Manger I - IS, from December 8, 2007 to the date of preliminary approval.

> State Class
> All California-based employees of Union Bank, N.A. who held at least one of the following job titles, including, but not limited to: Business Trust Administrator I, Trust Administrator II, Sr. Business Trust Administrator, Sr. Trust Administrator lust., Sr. Trust Administrator-Taft Hartley, Personal Trust Administrator II, Personal Trust Administrator III, Personal Trust Administrator IV, Relationship Manager I- IS, Relationship Manager II- IS, Relationship Manager III-IS; and Senior Relationship Manger I - IS, from December 8,2006 to the date of preliminary approval.

4. The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure are satisfied and accordingly certifies the State Class.

5. The Court finds, solely for purposes of considering this Settlement, that the requirements of Rule 23(a) are satisfied: (1) members of the State Class are too numerous to be joined individually; (2) there are questions of law and fact common to the State

Class; (3) the claims of the Class Representative are typical of the claims of the State Class; and (4) the Class Representative will fairly and adequately protect the interests of the State Class. The Court also finds, solely for purposes of considering the Settlement, that the requirements of Rule 23(b)(3) are satisfied: (1) questions of law or fact common to members of the State Class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court finds, for settlement purposes only, that the standard required for conditional certification of a collective action under the FLSA is satisfied, i.e., the members of the National Class are "similarly situated" for conditional certification purposes.

7. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate to the Settlement Classes and accordingly directs that it shall be submitted to the Settlement Classes for their consideration.

8. The Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiations, including a mediation session conducted by Jeffery Ross.

9. The Court appoints Alexander Krakow + Glick LLP, and Hurwitz, Orihuela & Hayes, LLP as Class Counsel. Michael Morrison and Douglas Hayes are appointed as Lead Class Counsel.

10. Simpluris, Inc., is appointed as the Claims Administrator. The Claims Administrator shall administer the Settlement in accordance with the terms set forth in the Settlement Agreement and perform the functions set forth therein.

11. The Court approves the Class Notice Form, the Exclusion Form, and the FLSA Consent Form.

12. The Court finds that the Notice Plan, as set forth in Section IV of the Settlement Agreement, including the form and content of the Class Notice attached as Exhibit A, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons within the Settlement Classes of: (i) the pendency and nature of the action; (ii) certification of the Settlement Classes; (iii) the claims, issues and defenses in the action; (iv) that a member of the Settlement Classes may enter an appearance through an attorney; (v) the terms of the Settlement Agreement; (vi) the right of persons within the State Class to exclude themselves (i.e., opt-out) from the State Class and the time and manner for requesting exclusion; (vii) the binding effect of any judgment, whether favorable or not, on persons within the State Class who do not request to be excluded; (viii) the requirement that National Class members must opt-in by filing a FLSA Consent Form to participate in the Settlement, and the time and manner for opting-in; (ix) the requirement that State Class members must opt-in by filing a FLSA Consent Form to receive a full settlement share, and the time and manner for opting-in; (x) the right of persons within the State Class who do not request to be excluded to object to the Settlement, and the right of persons in the National Class who opt-in to object to the Settlement; (xi) the time and manner for objecting to the settlement; (xii) the request for an award of attorneys' fees, costs and an incentive award to Plaintiff; and (xiii) the Final Approval Hearing.

13. On or before June 30, 2012, Defendants shall forward to the appointed Claims Administrator, Simpluris, Inc., a database (in an electronic spreadsheet format) of all Class Members, including the names, last known addresses and telephone numbers, dates of employment in Covered Positions, social security numbers, and respective total weeks worked during the Covered Period, December 8, 2006 through June 20, 2012.

14. On or before July 11, 2012, the Claims Administrator, Simpluris, Inc., shall mail to each member of the Settlement Classes, by first class, postage pre-paid, the Class Notice, the Request for Exclusion Form, the FLSA Consent Form, and a postage-paid

envelope addressed to the Claims Administrator.  All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendants' records, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail.  The Court finds that the mailing of Class Notice to Class Members is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

      15.    Requests for Exclusion ("opt-out requests") by State Class members must be mailed to the Claims Administrator, Simpluris, Inc., postmarked on or before September 9, 2012, (i.e., 60 days after mailing of the Class Notice).  Any person within the State Class who submits a timely and valid Request for Exclusion shall not be bound by the Settlement Agreement, shall not be entitled to share in the benefits of the Settlement, and shall not be bound by the Final Order and Judgment.  Any person within the State Class who does not submit a timely and valid Request for Exclusion shall be deemed a Settlement Class Member and shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment.  The Claims Administrator shall provide copies of all Requests for Exclusion to Class Counsel and defense counsel as soon as practicable after receipt of each Request for Exclusion.  No later than October 16, 2012, the Claims Administrator shall deliver to Class Counsel, who shall file it with the Court, and serve on defense counsel, a report stating the total number of persons who have submitted timely and valid Requests for Exclusion from the Settlement Class, and the names, addresses and telephone numbers of all such persons.

      16.    Objections must be filed with the Court as described in the Class Notice on or before September 9, 2012 (i.e., 60 days after mailing of the Class Notice) and served on Class Counsel and on defense counsel.  No person will be permitted to present any objection at the Final Approval Hearing who has not filed a timely written objection in accordance with the terms of the Class Notice.  Any Settlement Class Member who fails

to timely file and serve a written objection shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness or adequacy of the Settlement, to the payment of attorneys' fees, costs, and payment of an incentive award, and to the Final Approval Order or the right to appeal same.  Class Counsel should be prepared at the Final Approval Hearing to respond to objections filed by Settlement Class Members, and to provide other information, as appropriate, bearing on whether the Settlement should be approved.

17. FLSA Consent Forms must be mailed to the Claims Administrator, postmarked on or before September 9, 2012 (i.e., 60 days after mailing of the Class Notice).  Any person in the National Class that does not submit a timely FLSA Consent Form shall not be entitled to share in the benefits of the Settlement, and shall not be bound by the Final Order and Judgment.  Any person in the State Class that does not submit a timely FLSA Consent Form will receive a reduced settlement payment of approximately 1/3 of the amount they otherwise would receive.

18. A Final Approval Hearing shall be held before this Court at 1:00 p.m. on November 6, 2012, in Courtroom 1 on the fourth floor of the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, to, inter alia:  (i) determine whether to grant final approval to the Settlement Agreement; (ii) consider any timely objections to this Settlement and the parties' responses to such objections; (iii) determine whether judgment should be entered dismissing the action with prejudice; and (iv) rule on Class Counsel's application for attorneys' fees, costs and an incentive award for Plaintiff.  The Final Approval Hearing may, from time to time and without further notice to the Settlement Classes, be continued by order of the Court.

19. No later than October 16, 2012, a motion for final approval of the Settlement Agreement shall be filed, as well as responses by the parties to any objections that have

been filed against final approval of the Settlement Agreement or any aspect of it, including the application for attorneys' fees, costs, and an incentive award for Plaintiff.

20. Class Counsel shall file an application for an award of attorneys' fees, costs and an incentive award for Plaintiff by no later than August 1, 2012.

21. It shall be the responsibility of Class Counsel and the Claims Administrator to respond to all inquiries from Settlement Class Members.

22. In the event of the occurrence of the Settlement Effective Date, as defined in the Settlement Agreement, all Class Members, except those members of the State Class who have requested exclusion from the settlement and members of the National Class who have not opted-in, and their successors, shall conclusively be deemed to have given full releases of any and all Class Members Released Claims as defined in the Settlement Agreement against Defendants, their former and present parents, subsidiaries, affiliated corporations and entities, and each of their respective officers, officials, directors, employees, partners, shareholders and agents, any other successors, assigns or legal representatives ("Class Members' Released Parties") and all such Class Members and their successors shall be permanently enjoined and forever barred from asserting any Class Members' Released Claims against any Class Members' Released Parties as described by the Settlement Agreement.

23. If, for any reason, the Court does not execute and file an Order of Final Approval, or if the Settlement Effective Date does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed settlement and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

24. With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the proposed Settlement, all proceedings in this action are stayed until further order of this Court.

25. Service of all papers on counsel for the parties shall be made as follows:

(a) <u>Class Counsel</u>: (1) Michael Morrison, Esq., Alexander Krakow + Glick LLP, 401 Wilshire Boulevard, Suite 1000, Santa Monica, CA 90401, and (2) Douglas Hayes, Hurwitz, Orihuela & Hayes, LLP, 10 Universal City Plaza, 20th Floor, Universal City, CA 91608;

(b) <u>Defendants' Counsel</u>: Eric Steinert and Justin Curley, Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, CA 94105.

26. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: 6/20/12                          _____
                                                 SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge