UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LYNN ODRICK, an individual, on behalf of all others similarly situated and the general public, | Case No:  C 10-5565 SBA |
| | **ORDER** |
| Plaintiff, | |
| vs. | |
| UNIONBANCAL CORPORATION, a Corporation, UNION BANK, N.A., a corporation, and DOES 1-10 | |
| Defendants. | |

The parties are presently before the Court on Plaintiff Lynn Odrick's ("Plaintiff") Unopposed Motion for Order Granting Final Approval of Class Action Settlement, and Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, Claims Administration Expenses, and Incentive Award to the Class Representative.  Dkt. 40, 43.  On June 20, 2012, the Court preliminarily approved the parties' proposed settlement of this action on the terms and conditions set forth in the Settlement Agreement and Joint Stipulation ("Settlement Agreement"), and conditionally certified two classes.  Dkt. 38.  On November 27, 2012, the Court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e).  Michael Morrison appeared on behalf of Plaintiff, and Eric Steinert appeared on behalf of Defendants UnionBancal Corporation and Union Bank, N.A. (collectively, "Defendants").  Having read and considered the papers submitted in connection with these matters and considered the arguments presented by

counsel at the hearing, the Court hereby GRANTS Plaintiff's Unopposed Motion for Order Granting Final Approval of Class Action Settlement, and GRANTS IN PART AND DENIES IN PART Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, Claims Administration Expenses, and Incentive Award to the Class Representative, for the reasons stated below.

## I.  <u>BACKGROUND</u>

This is a wage and hour hybrid Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, collective action and a Federal Rule of Civil Procedure 23 class action brought on behalf of individuals who were employed by Defendants.  Defendants own and operate commercial banks and banking offices throughout the United States.  Compl. ¶ 2.  Plaintiff and all other similarly situated employees are employed by Defendants in positions where their primary responsibility is to administer trust accounts on behalf of Defendants' clients.  <u>Id.</u>  In general, Plaintiff alleges that Defendants violated the FLSA and various California labor laws by improperly classifying class members as being exempt from state and federal overtime laws.  <u>Id.</u> ¶ 1.

The instant action was commenced on December 8, 2010.  The complaint alleges that Defendants: (1) failed to pay required overtime and preserve accurate time records in violation of the FLSA; (2) failed to pay overtime compensation in violation of Cal. Labor Code § 1194; (3) failed to pay all wages due upon termination or resignation in violation of Cal. Labor Code § 203; (4) failed to pay all wages due by the appropriate pay period in violation of Cal. Labor Code § 204; (5) provided inaccurate wage statements in violation of Cal. Labor Code § 226; and (6) committed unfair business practices in violation of Cal. Business and Professions Code § 17200, et seq.  <u>See</u> Compl.  By this action, Plaintiff seeks to recover the wages owed to class members, and applicable statutory penalties as well as civil penalties recoverable under the Private Attorney General Act, Cal. Labor Code § 2699.  <u>Id.</u>

In September 2011, the parties participated in a full-day mediation session before mediator Jeffery Ross.  Pl.'s Mtn. for Final Approval at 5.  On October 17, 2011, the parties agreed to accept the mediator's proposal to settle this matter for $3,500,000.  Id. In January 2012, the parties executed a Memorandum of Understanding, which memorializes the key points of the settlement.  Id.

On June 20, 2012, the Court conditionally certified two classes and preliminarily approved the settlement.  Dkt. 38.  The Court conditionally certified the following classes:

> National Class
> All non-California based employees of Union Bank, N.A., who held at least one of the following job titles, including but not limited to:  Business Trust Administrator I, Trust Administrator II, Sr. Business Trust Administrator, Sr. Trust Administrator Inst., Sr. Trust Administrator-Taft Hartley, Personal Trust Administrator II, Personal Trust Administrator IV, Relationship Manager I- IS, Relationship Manager II- IS, Relationship Manager III- IS; and Senior Relationship Manger I - IS, from December 8, 2007 to the date of preliminary approval.

> State Class
> All California based employees of Union Bank, N.A. who held at least one of the following job titles, including, but not limited to: Business Trust Administrator I, Trust Administrator II, Sr. Business Trust Administrator, Sr. Trust Administrator lust., Sr. Trust Administrator-Taft Hartley, Personal Trust Administrator  II, Personal Trust Administrator III, Personal Trust Administrator  IV, Relationship Manager I- IS, Relationship Manager II- IS, Relationship Manager III-IS; and Senior Relationship Manger I - IS, from December 8, 2006 to the date of preliminary approval.

See Dkt. 38.

The salient terms of the settlement call for payment of $3,500,000 into a gross settlement fund for: (1) the claims of all settlement class members for wages, penalties and interest; (2) an award of attorneys' fees and costs; (3) any incentive award for Plaintiff; and (4) all costs associated with Notice, Opt-Outs, Opt-Ins, and administration of the Class.  Pl.'s Mtn. for Final Approval at 6.  Defendants agree to pay the settlement amount in exchange for the release of any and all wage and hour claims that relate to or

arise from those asserted in the operative complaint or could have been asserted in the operative complaint.  Id. at 8.

On August 1, 2012, Plaintiff filed an Unopposed Motion for Attorneys' Fees, Costs, Claims Administration Expenses, and Incentive Award to the Class Representative.  Dkt. 40.  On October 16, 2012, Plaintiff filed an Unopposed Motion for Order Granting Final Approval of Class Action Settlement.  Dkt. 43.  On November 27, 2012, the Court held a fairness hearing.  Dkt. 51.

## II.   DISCUSSION

### A.     Motion for Final Approval

Federal Rule of Civil Procedure 23(e) provides that: "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Approval under this rule entails a two-step process:  (1) preliminary approval of the settlement; and (2) final approval of the settlement at a fairness hearing following notice to the class.  See Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004); Manual for Complex Litig. (Fourth) §§ 21.632-21.634, at 321-22 (2004).  The Court may finally approve a class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2); In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

The primary concern of Rule 23(e) is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties."  Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 624 (9th Cir. 1982).  The district court's discretion in considering final approval of a settlement is informed by balancing the following factors:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the

experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement.

Churchill Vill. LLC v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).  "This list is not exhaustive, and different factors may predominate in different factual contexts." Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993).

The district court's role in evaluating a proposed settlement is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or collusion between the negotiating parties, and that the settlement is fair as a whole. See Rodriguez v. West Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009).  It is neither for the court to reach any ultimate conclusions regarding the merits of the dispute, nor to second guess the settlement terms. Officers for Justice, 688 F.2d at 625.

"Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." Evans v. Jeff D., 475 U.S. 717, 726 (1986); see also Hanlon, 150 F.3d at 1026 ("Neither the district court nor this court ha[s] the ability to delete, modify or substitute certain provisions.  The settlement must stand or fall in its entirety.") (internal quotations marks omitted).

### 1. Balancing of Factors

#### a. Strength of Plaintiff's Case

The first factor to consider is the strength of Plaintiffs' case.  Because this action settled before any substantive motions were filed, the Court did not have the opportunity to consider the merits of Plaintiff's claims.  As such, the Court finds that this factor is neutral.

///

///

### b.  Risk, Expense, Burden and Duration

The next factor considers the risk, expense and duration associated with prosecuting this case through trial and the appellate process.  The Court finds that these considerations favor approval of the settlement.  Although the Court did not have the opportunity to assess the propriety of class certification in the context of a motion for class certification or the merits of the claims alleged in the complaint given the lack of motion practice prior to settlement, Plaintiff acknowledges that Defendants have a number of defenses to class certification and "merits issues."  Pl.'s Mtn. for Final Approval at 10.  For example, with respect to class certification, Defendants contend that Plaintiff will be unable to demonstrate the commonality or predominance requirements of Rule 23 or the similarly situated requirement of the FLSA because Class Members worked in different departments for Union Bank, N.A., administered unique and different types of trusts, and performed different job duties.  With respect to the merits, Defendants contend that their employees were not misclassified.  Id.  Specifically, Defendants argue that their employees who administer trusts "service" Defendants' financial products within the meaning of 29 C.F.R. § 541.203(b), which provides examples of exempt administrative activities.  Id. at 11.  In addition, Defendants argue that Class Members exercise a great deal of discretion and independent judgment on matters of significance as well as act as liaisons between Union Bank and its clients.  Id.

The Court finds that Plaintiff has shown that Defendants intended to vigorously defend against this action had the parties not reached a settlement.  As such, there is substantial risk in litigating this case further.  Moreover, it is undisputable that further litigation would be time-consuming and expensive for both sides.

### c.  Risk of Maintaining Class Action Status

The third factor considers the risk of maintaining class certification in the event the litigation was to proceed.  As noted above, Plaintiff has identified several defenses that Defendants could raise to class certification in the event this lawsuit was to proceed.

Given the risk in obtaining and maintaining class certification, the Court finds that this factor weighs in favor of approving the settlement.

### d.      Amount Offered in Settlement

The amount of the settlement is another factor for the Court to consider in whether to finally approve a proposed class action settlement.  Churchill Vill., 361 F.3d at 574. Here, Defendants have agreed to pay $3,500,000.  The Court finds that the settlement amount favors approval of the settlement because it provides substantial benefits to Class Members.  Under the terms of the Settlement Agreement, the highest payout for a Class Member is $43,317.46, while the average Class Member will receive $18,000.00.  Bui Decl. ¶ 10, Dkt. 45.

### e.      Extent of Discovery and Stage of the Proceedings

The record indicates that the settlement was reached at the early stages of litigation and that little discovery has been conducted.  However, Class Counsel have demonstrated that a sufficient amount of work was performed investigating the Class' claims and researching the law to enable Class Counsel to evaluate the strengths and weaknesses of the case and determine that settlement is appropriate.  See Morrison Decl. ¶¶ 13-14, Dkt. 40-1.  The Court finds that Class Counsels' decision to settle was an informed one.  As such, this factor weighs in favor of approving the settlement.

### f.      Experience and Views of Counsel

The experience and views of counsel representing Plaintiff and Defendants support approval of the settlement.  See Hanlon, 150 F.3d at 1026 (noting that the experience of counsel representing plaintiff and defense also favors final approval of the proposed settlement).  Defendants have been represented by Seyfarth Shaw LLP, a well-known and reputable law firm.  Plaintiff has been represented by, among others, Michael Morrison of Alexander, Krakow + Glick LLP.  Morrison, Lead Class Counsel, has submitted evidence demonstrating that he has twelve years of experience in litigating class actions, including wage and hour class actions, and is currently lead counsel on no

less than seven class action cases.  Morrison Decl. ¶¶ 3-6, Dkt. 40-1.  Given the collective experience of the attorneys involved in this litigation, the Court credits counsels' view that the settlement is worthy of approval.  See Morrison Decl. ¶¶ 4-5, Dkt. 43-1.

### g.     Presence of Governmental Participant

Notice of the Settlement was sent to the Attorney General's office of each of the states where Class Members reside.  Morrison Decl. ¶ 2, Exh. 1, Dkt. 40-1.  None have objected to the settlement.  Therefore, this factor favors approval of the settlement.

### h.     Reaction of the Class

The Ninth Circuit has held that the number of class members who object to a proposed settlement is a factor to be considered.  Mandujano v. Basic Vegetable Prods. Inc., 541 F.2d 832, 837 (9th Cir. 1976).  Here, notice of the proposed settlement was sent to all 141 Class Members by first-class mail.  Bui Decl. ¶ 6; Morrison Decl. ¶ 2, Exh. 1, Dkt. 40-1.  No objections to the settlement were received by the Claims Administrator, and only four Class Members requested to be excluded from the Class.  Bui Decl. ¶¶ 11-12.  Of the 141 Class Members, 134 are participating in the settlement.  Id. ¶ 10.  Given the absence of objections and the small number of opt-outs, the Court finds that the reaction of the Class to the settlement is positive, which weighs in favor of approving the settlement.

### i.     Arm's Length Transaction

Finally, the Court considers whether the settlement was likely the result of good faith negotiations at arm's length, or whether it was the product of fraud or collusion.  See Officers for Justice, 688 F.2d at 625.  Here, because the Settlement Agreement was entered into after arms-length negotiations and a mediation session overseen by mediator Jeffery Ross, the Court finds that this factor weighs in favor of approving the settlement.

### j.     Summary

On balance, the Court concludes that the relevant factors weigh in favor of a finding that the settlement is fair, reasonable and adequate, and is not the product of fraud

or collusion.  Accordingly, Plaintiff's Unopposed Motion for Order Granting Final
Approval of Class Action Settlement is GRANTED.

**B.      Motion for Attorneys' Fees, Costs, and Incentive Award to Plaintiff**

**1.    Attorneys' Fees**

In cases such as the present where the settlement of a class action creates a
common fund, the Court has discretion to award attorneys' fees using either the lodestar
method or the percentage of the fund approach.  Vizcaino v. Microsoft Corp., 290 F.3d
1043, 1047 (9th Cir. 2002).  Under the lodestar method, the lodestar amount is calculated
by multiplying the number of hours reasonably expended by counsel by a reasonable
hourly rate.  Hanlon, 150 F.3d at 1029.  Under the percentage-of-the-recovery method,
the attorneys' fees are calculated as a percentage of the common fund, with 25%
established as the benchmark in the Ninth Circuit.  Id.; see also In re Bluetooth, 654 F.3d
at 942 (in common fund cases, "courts typically calculate 25% of the fund as the
'benchmark' for a reasonable fee award, providing adequate explanation in the record of
any 'special circumstances' justifying a departure").  However, even when applying the
percentage method, the lodestar method should be used as a cross-check to determine the
fairness of the award.  See Vizcaino, 290 F.3d at 1050.  Regardless of the methodology
employed, the Court must ensure that the fee award is reasonable.  In re Mercury
Interactive Sec. Litig., 618 F.3d 988, 992 (9th Cir. 2010); Powers v. Eichen, 229 F.3d
1249, 1256 (9th Cir. 2000).

Class Counsel request a fee award in the amount of $1,050,000.  The requested fee
award amounts to 30% of the common fund, which exceeds the 25% benchmark the
Ninth Circuit considers presumptively reasonable.  See In re Bluetooth, 654 F.3d at 942.
The Court finds that Class Counsel has failed to demonstrate any "special circumstances"
justifying a fee award equal to 30% of the common fund.  Other than the impressive
results achieved for the Class, which are animated to a great extent by the relatively high-

level positions held by the Class Members and their employer, there are no special circumstances which warrant a departure from the benchmark.

While Class Counsel accepted this case on a contingency basis,[1] which axiomatically involved a risk of being unsuccessful, that fact alone is not extraordinary. Most class actions involve a level of uncertainty as to class certification, liability and damages.  Given the complete absence of motion practice, there is no basis for the Court to conclude that the instant action involves especially complex factual or legal issues such that it was extraordinarily risky for Class Counsel to bring this suit.

Finally, the Court finds that the lodestar cross-check confirms the reasonableness of a fee award equal to the benchmark.  Class Counsel calculated their lodestar to be $450,122.50.  A fee award in the amount of the benchmark, $875,000,[2] results in a multiplier of approximately 1.95 of the lodestar, which is warranted in view of the results Class Counsel achieved for the Class.  See Vizcaino, 290 F.3d at 1051, n. 6 (noting that multipliers ranging from one to four are frequently awarded in common fund cases where the lodestar method is applied).  The Court finds that a fee award almost double the lodestar is reasonable and adequately compensates Class Counsel for their performance in this case.  Accordingly, the Court awards Class Counsel attorneys' fees in the amount of $875,000.

### 2.    Costs

Collectively, Class Counsel seek reimbursement of expenses in the aggregate amount of $20,351.71.  These expenses include costs for a retained expert, mediation, travel, copying, mailing, legal research, and other litigation-related costs.  Having reviewed the evidence submitted in support of Class Counsels' request for costs, the

---

[1] The settlement in this action was reached approximately 10 months after the action was commenced, during which the parties engaged in limited discovery and no motion practice.

[2] $875,000 is 25% of the settlement amount of $3,500,000.

Court finds that these costs have been adequately documented and were reasonably incurred for the benefit of the Class.  Accordingly, reimbursement of these costs and expenses in their entirety is justified.  See In re TD Ameritrade Account Holder Litigation, 2011 WL 4079226, * 16 (N.D. Cal.2011) (Armstrong, J.) (approving $27,807.91 in costs, including costs for retained experts, filing fees, photocopying costs, messenger and travel costs, and other administrative expenses, based on settlement where defendant agreed to pay a minimum of $2.5 million and up to a maximum of $6.5 million in claims).

### 3.    Incentive Award

Class Counsel request an incentive award of $25,000 to compensate Plaintiff for her efforts on behalf of the class.  "Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."  Rodriguez, 563 F.3d at 958-959 (citation omitted).  In this district, a $5,000 payment is presumptively reasonable.  See, e.g., Jacobs v. California State Auto. Ass'n Inter–Ins. Bureau, 2009 WL 3562871, at *5 (N.D. Cal. 2009).

Having reviewed the declarations submitted in support of this request, the Court finds that an incentive award in the amount of $5,000 is reasonable in light of the time and effort Plaintiff expended for the benefit of the Class and the risks associated with initiating the litigation and representing the Class.  Class Counsel have failed to demonstrate that an incentive award of $25,000, which is five times the presumptively reasonable amount, is appropriate.  Plaintiff estimates that the "total time" she "spent on this litigation" is 65 hours.  Odrick Decl. ¶ 12.  Given the amount of time Plaintiff invested in this litigation, which amounts to 6.5 hours per month over the 10 months from the commencement of this action until settlement, the Court finds that an award of $25,000 is excessive.  Even though Plaintiff will receive a lower than requested award,

she will still be compensated handsomely for her time; the $5,000 award results in a $76.92 hourly rate for the 65 hours Plaintiff expended on this case

## III.   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's Unopposed Motion for Order Granting Final Approval of Class Action Settlement is GRANTED.  Every person in the State Class who did not submit a timely Exclusion Form and every person in the National Class who consented to join the lawsuit by returning the FLSA Consent Form (opt-in form) is a Class Member bound by the settlement.

2.    The terms of the Settlement Agreement are incorporated into this Order and are APPROVED.  All terms in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

3.    The parties and the Claims Administrator shall perform their respective obligations under the terms of the Settlement Agreement.

4.    Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, Claims Administration Expenses, and Incentive Award to the Class Representative is GRANTED IN PART AND DENIED IN PART.  Class Counsel are awarded attorneys' fees in the amount of $875,000, plus costs in the amount of $20,351.71.  Plaintiff is awarded $5,000 as an incentive award.  The Claims Administrator, Simpluris, Inc., is awarded an amount of $11,402.38.

5.    Pursuant to the terms of the Settlement Agreement, within twenty (20) calendar days following the Settlement Effective Date, the Claims Administrator shall mail the settlement payments to the Class Members, the incentive award to Plaintiff, and the award of attorneys' fees and costs to Class Counsel.

6.    The instant action is dismissed with prejudice as to Plaintiff and all Class Members, which include every person in the State Class who did not submit a timely

Exclusion Form and every person in the National Class who consented to join the lawsuit by returning the FLSA Consent Form.

7.     As of the Settlement Effective Date, Plaintiff and the Class Members are permanently enjoined and forever barred from prosecuting the Released Claims against the Released Parties.

8.     The parties shall bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

9.     The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  12/3/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge